# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:07-CR-44 |
| ) | |
| ROBERT J. CANTRELL, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion for Early Termination of Supervised Release, filed by the defendant, Robert J. Cantrell, on February 10, 2016. (DE #199.) For the reasons set forth below, the motion **REMAINS UNDER ADVISEMENT**. The defendant, Robert J. Cantrell, is **ORDERED** to pay the remaining amount of restitution owed in this case within two weeks of the date of this Order. Once the Court receives confirmation that the restitution has been paid in full, the motion will be granted.

BACKGROUND

On March 31, 2009, this Court sentenced Robert J. Cantrell ("Defendant") to 78 months imprisonment to be followed by a three year term of supervised release. He was also ordered to pay a special assessment of $1,100 and $68,000 in restitution. Defendant completed his prison term and began serving his supervised release

on January 9, 2015.  Thus, at this time, Defendant has served approximately thirteen months of his release period.

DISCUSSION

Under 18 U.S.C. section 3583(e), a court may terminate a term of supervised release and discharge a defendant at any time after the expiration of one year of supervised release, providing the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).  The court must consider the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) when determining, in its discretion, whether early termination is warranted.  *Id.; U.S. v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006).

In making its determination, this Court has considered the factors listed above, as well as the briefs of the parties and the response filed by the Probation Department.[1]  Specifically, the Court notes that, while incarcerated for over five years, Defendant had a clear institutional conduct record. Currently, Defendant is seventy-four years old, is retired, and resides in the same home as his wife; counsel for Defendant states that Defendant spends the bulk of his time with his wife and grandchildren.  The Probation

---

[1] The Probation Department has recommended that the Court order the early termination of Defendant's supervised release; the Government opposes Defendant's motion in its entirety.

Department has indicated that, since the beginning of his supervision, Defendant has been compliant with all of the mandatory and general conditions of supervised release. Furthermore, based on the aforementioned facts and the specifics of his criminal conduct,[2] it is clear that Defendant presents a low risk of recidivism.

While the Court agrees with the Government that the nature of Defendant's criminal conduct was substantial and extensive,[3] the Court is not convinced that requiring Defendant to remain on supervised release for two more years would have an additional or greater deterrent effect than the five year prison term Defendant has already completed.

Finally, the Court notes that Defendant paid his Special Assessment on May 22, 2009, and has satisfied the vast bulk of his restitution obligation.[4] The Government argues that the amount still due and owing militates against early termination; however, Defendant, through his counsel, has indicated that he can finish paying the restitution immediately, with the help of his family.[5]

---

[2] In part, Defendant used his public position at the North Township Trustee's office to facilitate his crimes; he no longer holds that position.

[3] See Government's Response to Defendant's Motion for Early Termination of Supervised Release for a summary of Defendant's conduct. (DE #202, pp. 4-5.)

[4] To date, Defendant has paid $65,176.13, and he still owes $2,823.87.

[5] See Defendant's Reply to Government's Response to Defendant's Motion for Early Termination of Supervised Release. (DE #203, p. 2.)

As such, Defendant shall be ordered to pay the restitution in full prior to termination.

In sum, once the restitution has been paid in full, the Court is satisfied that ordering the early termination of Defendant's term of supervised release is warranted by the conduct of Defendant and is in the best interest of justice.

CONCLUSION

For the reasons set forth above, the motion **REMAINS UNDER ADVISEMENT**. The defendant, Robert J. Cantrell, is **ORDERED** to pay the remaining amount of restitution owed in this case within two weeks of the date of this Order. Once the Court receives confirmation that the restitution has been paid in full, the motion will be granted.

**DATED: March 8, 2016**               /s/ RUDY LOZANO, Judge
                                       **United States District Court**